In re Petition for DISCIPLINARY ACTION AGAINST Donald B. DAVISON, a Minnesota Attorney, Registration No. 21568.

No. A08–754.

Supreme Court of Minnesota.

July 2, 2008.

## ORDER

On May 2, 2008, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Donald B. Davison, alleging that respondent committed professional misconduct warranting public discipline, namely, neglect of a client matter resulting in entry of judgment and imposition of monetary sanctions against respondent's client, and failure to cooperate with the Director's investigation of the matter, in violation of Minn. R. Prof. Conduct 1.4(a) (as it existed prior to October 1, 2005), 1.3, 3.2, 3.4(c), 8.1(b), and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR). Respondent and the Director entered into a stipulation under which respondent admitted the allegations of the petition, waived his procedural rights under Rule 14, RLPR, and joined with the Director in recommending that the appropriate sanction is a public reprimand and 2 years of unsupervised probation.

By order filed on May 27, 2008, we ordered the parties to show cause why the court should not suspend respondent and impose supervised, rather than unsupervised, probation upon respondent's reinstatement to the practice of law. On June 10, 2008, the Director filed a memorandum of law in response to our order to show cause and provided additional information concerning the case.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Donald B. Davison is publicly reprimanded and placed on probation for a period of 2 years from the date of entry of this order, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with the terms of this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) With respect to the representation, whether paid or pro bono, of any clients other than the City of Grand Marais and its officials, agencies, and employees during the period of probation, respondent shall be subject to supervision by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within 10 days of agreeing to represent such a client, respondent shall notify the Director and provide the Director with the names of two attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with information concerning respondent's representation of the private client, as described in paragraph (d) below. Respondent shall make private client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. During such time as respondent is representing a private client, respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Before each quarterly meeting, respondent shall submit to the supervisor an inventory of all active files for private clients showing the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director as the Director may reasonably request.

Once respondent's representation of the private client ceases, respondent shall notify the supervisor and the Director.

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

Respondent shall pay costs in the amount of $900 pursuant to Rule 24(a), RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice